In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00026-CR
_____

**DONALD RAY REDMOND JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR33930**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Donald Ray Redmond Jr. for possession of a controlled substance—namely, cocaine—in an amount of four grams or more but less than 200 grams with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West 2017); Tex. Penal Code Ann. § 12.42 (West 2019).[1] The

---

[1] We cite the current statutes because any amendments after Redmond's offense do not affect our disposition in this particular matter.

1

indictment included numerous enhancement paragraphs. Redmond waived his right to a jury trial, he pleaded "not guilty," the matter was tried to the bench, and the court found Redmond guilty. Redmond pleaded "true" to the enhancement paragraphs, and the trial court assessed punishment at thirty-five years of confinement and restitution of $180. Redmond appealed.

On appeal, Redmond's court-appointed attorney filed a motion to withdraw and a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, he concluded that the appeal lacks merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Redmond to file a pro se brief, and Redmond filed no response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error

2

but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

    AFFIRMED.

_____

LEANNE JOHNSON
Justice

Submitted on September 12, 2019
Opinion Delivered October 2, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[2] Redmond may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.